**JUDGE GRIESA**

Parker H. Bagley (PB0552)
Jason M. Gonder (JG3236)
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Attorneys for Plaintiff,
Lehman Brothers Holdings Inc.

**08 CV 01066**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN CRUPPER II, LEHMAN ENTERPRISES, INC., LEHMAN TRADING POST, INC., and LEHMAN COMMODITY FUND MANAGEMENT INC., <br><br> Defendants. | CASE NO. <br><br> COMPLAINT |

Plaintiff, Lehman Brothers Holdings Inc. ("Lehman"), for its Complaint against Defendants, John Crupper II, Lehman Enterprises, Inc. d/b/a LehmanMarketMakers.com ("LMM"), Lehman Trading Post, Inc. ("LTP"), and Lehman Commodity Fund Management Inc. (collectively, "Defendants"), by and through its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this civil action pursuant to 15 U.S.C. §§ 1051 et seq. (action arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (Act of Congress relating to trademarks), and 28 U.S.C. § 1338(b) (pendent jurisdiction).

2. This Court has personal jurisdiction over Defendants because Defendants have committed acts of trademark infringement and dilution and unfair competition during the course of their business on a nationwide scale and in this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) as the acts alleged herein have substantially occurred within this District and the claims asserted substantially arise in this District.

## NATURE OF THE ACTION

4. In this action, Lehman seeks injunctive relief against Defendants because of Defendants' infringement of Lehman's rights in the trademark LEHMAN and related trademarks (the "LEHMAN Marks").

5. More specifically, Defendants' use of the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks in connection with futures trading constitutes false designation of origin, unfair competition, and trademark dilution in violation of the laws of the United States of America, the State of New York, and/or the common law.

## THE PARTIES

6. Lehman is a Delaware corporation with its principal place of business at 745 Seventh Avenue, 30th Floor, New York, New York 10019.

7. Upon information and belief, Mr. Crupper resides at 10014 South Maplewood Avenue, Tulsa, Oklahoma 74137.

8. Upon information and belief, LMM is an Oklahoma corporation with a physical mailing address of 10014 South Maplewood Avenue, Tulsa, Oklahoma 74137 and its principal place of business at www.lehmanmarketmakers.com.

9. Upon information and belief, LTP is an Oklahoma corporation with a physical mailing address of 10014 South Maplewood Avenue, Tulsa, Oklahoma 74137 and its principal place of business at www.lehmantradingpost.net.

10. Upon information and belief, Lehman Commodity Fund Management Inc. is an Oklahoma corporation with a physical mailing address of 10014 South Maplewood Avenue, Tulsa, Oklahoma 74137.

11. Upon information and belief, LMM, LTP, and Lehman Commodity Fund Management Inc. are alter egos or business conduits of Mr. Crupper.

12. Upon information and belief, LMM, LTP, and Lehman Commodity Fund Management Inc. are mere instrumentalities for the transaction of Mr. Crupper's own affairs.

13. Upon information and belief, there is such a unity of interest between LMM, LTP, and Lehman Commodity Fund Management Inc., on one hand, and Mr. Crupper, on the other hand, that to treat LMM, LTP, and Lehman Commodity Fund Management Inc. as entities separate from Mr. Crupper would promote injustice and/or protect fraud.

## STATEMENT OF FACTS UNDERLYING ALL CAUSES OF ACTION

### Lehman's Goodwill

14. Lehman, a leader and innovator in global finance, serves the financial needs of corporations, governments and municipalities, institutional clients, and high net worth individuals worldwide.

15. Founded in 1850, Lehman maintains leadership positions in equity and fixed income sales, trading and research, investment banking, private investment management, asset management and private equity.

16. Lehman is one of the largest U.S. Futures Commission Merchants and is a member of all the major U.S. futures exchanges.

17. Lehman's strength and reputation are backed by several trademarks containing the famous "Lehman" name. These include Lehman's common law LEHMAN mark and the following registered marks (collectively, the "LEHMAN Marks"):

## LEHMAN Marks

| Mark | Registration or Serial Number | First Use in Commerce |
|---|---|---|
| LEHMAN BROTHERS | 1,717,171 | August 1990 |
| LEHMAN BROTHERS (stylized) | 1,755,687 | August 1990 |
| LEHMAN BROTHERS BANK | 2,381,464 | July 1999 |
| LEHMAN BANK | 2,519,808 | October 2000 |
| LEHMAN FUTURES LIVE | 2,529,704 | May 2000 |
| LEHMAN BROTHERS PRIMEPLUS | 2,539,396 | January 2000 |
| LEHMAN PRIMEPLUS | 2,549,090 | January 2000 |
| LEHMANLIVE (stylized) | 2,656,151 | January 2001 |
| LEHMANLIVE | 2,832,374 | August 2000 |
| LEHMAN BROTHERS ASSET MANAGEMENT | 3,141,963 | April 2005 |

18. The LEHMAN brand is one of the most recognized and respected brands in the financial services industry.

19. The LEHMAN Marks and the goodwill associated with the LEHMAN Marks are invaluable to Lehman's continued success.

20. Building on the strength and reputation of the LEHMAN Marks and Lehman's broad array of financial services, Lehman recently formed Lehman Brothers MarketMakers.

4

21. Lehman Brothers MarketMakers acts as a specialist for approximately 400 issues listed on the New York Stock Exchange ("NYSE").

22. Lehman Brothers MarketMakers is the fourth-largest specialist firm on the NYSE.

### Defendants' Infringing Trademarks and Wrongful Activities

23. Upon information and belief, Defendants' services include, *inter alia*, futures trading advisory services.

24. Defendants' services are marketed and sold under various marks containing "Lehman", including, but not necessarily limited to, the marks LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES.

25. Upon information and belief, Defendants' services are primarily—if not exclusively—marketed on the Internet, including, but not necessarily limited to, being marketed on Defendants' Internet websites at www.lehmanmarketmakers.com and www.lehmantradingpost.net.

26. Defendants' Internet websites at www.lehmanmarketmakers.com and www.lehmantradingpost.net direct existing and prospective customers to call Defendants' toll-free phone number, 1-800-311-0956.

27. Upon information and belief, Defendants direct their services to prospective customers nationwide, including to customers in New York state.

28. Upon information and belief, the rules of the National Futures Association ("NFA") prohibit a firm from misrepresenting its Commodity Trading Advisor ("CTA") registration status.

29. Until recently, LMM's www.lehmanmarketmakers.com website stated, "Lehman Market Makers, Inc. is a registered Informational Commodity Trading Advisor, CTA."

30. NFA's website states that LMM's CTA registration was withdrawn effective October 5, 2003.

31. Upon information and belief, LMM's misrepresentation of its CTA registration status was in violation of NFA rules, which are intended to safeguard market integrity and protect investors.

32. Upon information and belief, LMM ceased misrepresentation of its CTA registration status after LMM received a December 14, 2007 "cease and desist" letter from Lehman's counsel, but did not cease its acts of infringement.

33. Upon information and belief, it is Defendants' intent to induce customers to buy their services by using the confusingly similar LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks for securities, futures, and/or commodities trading services and other related products and/or services as false indicators that Defendants' services are licensed, sponsored, or otherwise approved by, or originated from or are otherwise associated with Lehman and/or the LEHMAN Marks or that Defendants' services are backed by the strength and reliability of the LEHMAN Marks.

34. Upon information and belief, Defendants' prominent and repeated use of several LEHMAN marks for securities, futures, and/or commodities trading services and other related products and/or services is clearly calculated to trade off the substantial goodwill Lehman has built in the LEHMAN Marks.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement Against All Defendants)

35. Lehman repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants' unlawful sale, offering for sale, distribution, and/or advertising of goods and/or services using the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks are likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods and/or services, and thereby constitute trademark infringement in violation of 15 U.S.C. § 1114.

37. Upon information and belief, Defendants' conduct has been willful and in conscious disregard of Lehman's trademark rights.

38. The aforesaid actions of Defendants have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury to Lehman and the LEHMAN Marks for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition and False Designation of Origin Against All Defendants)

39. Lehman repeats and realleges each and every allegation in paragraphs 1 through 38 as if fully set forth herein.

40. Defendants' unlawful use in commerce of the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks, which marks are confusingly similar to the LEHMAN Marks, constitutes unfair competition, false designation of origin, and false or misleading

descriptions of fact that wrongly and falsely designate the goods and/or services sold by Defendants as originating with, or as being sponsored or approved by, or otherwise connected with Lehman and/or the LEHMAN Marks, in violation of 15 U.S.C. § 1125(a).

41. Upon information and belief, Defendants' conduct has been willful and in conscious disregard of Lehman's trademark rights.

42. The aforesaid actions of Defendants have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury to Lehman and the LEHMAN Marks for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION

(Federal Trademark Dilution Against All Defendants)

43. Lehman repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. The distinctive LEHMAN Marks have become famous by virtue of, *inter alia*, their strong brand recognition, duration and extent of use, and duration and extent of advertising and publicity.

45. Defendants' use of the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks commenced long after the LEHMAN Marks and the products and services sold under those marks became famous.

46. Defendants, by wrongfully using the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks in commerce, are tarnishing, blurring, diluting, and/or disparaging Lehman's reputation and goodwill, as well as Lehman's famous LEHMAN Marks.

47. Defendants' acts are depriving Lehman of the benefits of the goodwill attached to the LEHMAN Marks, are injuring Lehman's business reputation, and are diluting the distinctive quality of Lehman's famous LEHMAN Marks in violation of 15 U.S.C. § 1125(c).

48. Upon information and belief, Defendants' conduct has been willful and in conscious disregard of Lehman's trademark rights.

49. The aforesaid actions of Defendants have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury to Lehman and the LEHMAN Marks for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION

(Dilution Under New York State Law Against All Defendants)

50. Lehman repeats and realleges each and every allegation in paragraphs 1 through 49 as if fully set forth herein.

51. Defendants have diluted the distinctive quality of the LEHMAN Marks and injured Lehman's reputation in violation of N.Y. Gen Bus. Law § 360-*l*.

52. Lehman's business reputation has been irreparably injured as an actual and proximate result of Defendants' dilution of the LEHMAN Marks.

53. The aforesaid actions of Defendants have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury to Lehman and the LEHMAN Marks for which there is no adequate remedy at law.

## FIFTH CAUSE OF ACTION

(Trademark Infringement and Unfair Competition Under
New York State Law Against All Defendants)

54. Lehman repeats and realleges each and every allegation in paragraphs 1 through 53 as if fully set forth herein

55. The aforesaid acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

56. The aforesaid actions of Defendants have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury to Lehman and the LEHMAN Marks for which there is no adequate remedy at law.

**WHEREFORE**, Lehman prays for judgment in its favor with respect to all the causes of action set forth above and that relief be granted as follows:

A. That Defendants, their officers, partners, agents, servants, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert or participation with Defendants, and each and all of them, be permanently enjoined from doing the following without Lehman's express consent:

(1) using in any manner, or approving the use of, the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks, or any other mark or trade name confusingly similar to the LEHMAN Marks, including, but not necessarily limited to, any mark or trade name containing the term LEHMAN in connection with financial services;

(2) doing any act or thing that dilutes or is likely to dilute the distinctiveness of the LEHMAN Marks;

(3) doing any act or thing likely to induce the belief that Defendants' businesses, products, and/or services are in any way sponsored by, approved of, or otherwise connected with Lehman;

    (4)    using any trade practices whatsoever, including, but not limited to, those complained of herein that tend to compete unfairly with or injure Lehman and the LEHMAN Marks and the goodwill appertaining thereto; and

    (5)    using, or approving the use of, any name, mark, or design, including, but not limited to, LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES, which is identical to, substantially indistinguishable from, or a colorable imitation or simulation of any Lehman trademark, including but not limited to the LEHMAN Marks.

B.    That Defendants be required to:

    (6)    deliver to Lehman for destruction all goods and materials that Defendants have in their possession that bear the LEHMAN MARKET MAKERS, LEHMAN TRADING POST, LEHMAN COMMODITY FUND MANAGEMENT, and LEHMAN ENTERPRISES marks;

    (7)    pay all Lehman's litigation expenses, including reasonable attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117; and

    (8)    file with this Court and serve on Lehman an affidavit setting forth in detail the manner and form of Defendants' compliance with the terms of this Court's injunction.

C.  That the lehmanmarketmakers.com and lehmantradingpost.net domain names be transferred to Lehman.

D.  That Lehman be awarded such other and further relief as the Court may deem just and proper.

Dated: February 1, 2008    By: _____
Parker H. Bagley (PB0552)
Jason M. Gonder (JG3236)
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Attorneys for Plaintiff,
Lehman Brothers Holdings Inc.